STATE, THOMAS R. WATSON, PROSECUTOR, v. THE CITY COUNCIL OF THE CITY OF PASSAIC.

1. The part of the tax ordinance of the city council of Passaic which appropriates $15,000 (a part of which has been collected) for the purpose of regulating, cleaning and keeping in repair the streets, will not be set aside, as it does not clearly appear that the council has abused the discretion with which they are clothed by the charter.

2. The resolutions passed by common council which provide for the expenditure of a part of this money for graveling or macadamizing certain streets, are illegal, as such work is not reparation and must be paid for by special assessment.

This writ brings up a resolution passed by the defendants appropriating the sum of " fifteen thousand dollars for regulating, cleaning and keeping in repair the streets and highways of the city of Passaic," and so much of an ordinance providing for the assessment and collection of the said appropriation and all resolutions relating to the expenditure of such sum.

Argued at November Term, 1883, before Justices REED and PARKER.

For the plaintiff, *H. K. Coddington.*

For the defendants, *J. E. Stoutenburgh* and *J. D. Bedle.*

The opinion of the court was delivered by

REED, J.    The thirty-fifth section of the charter of Passaic provides that the city council shall have power to raise by tax, in each year, such sum of money as they shall deem expedient for (among other purposes) regulating, cleaning and keeping in repair the streets and highways.

At a regular meeting of the city council held on the evening of August 6th, 1883, an ordinance was passed providing for the current expenses of the city for the ensuing fiscal year,

and ordaining that there should be raised by tax for that year a tax amounting to $59,180, of which $15,000 was appropriated for the above purpose of regulating, cleaning and keeping in repair the streets and highways.

The contention of the counsel for the prosecutor is that this appropriation was really made for the purpose of permanently improving and not repairing streets.

The force of and reason for this contention will be apparent when it is understood that the charter provides that guttering, grading, curbing, graveling and macadamizing streets shall be done at the expense of the owners of the lands and real estate on the line of the street benefited thereby, while repairs in the sidewalks or carriage-ways of any street, avenue, highway or road within the city may be executed at the general expense. *Murtaugh* v. *Paterson*, 16 *Vroom* 267.

The force of the contention is that while the expressed object of the appropriation is to regulate, clean and keep in repair streets, the real object is to gravel or macadamize portions of the streets of the city at the expense of the public.

Nothing appears on the face of the ordinance making the appropriation to show that its object was other than that expressed.

It does, however, appear from resolutions passed at other meetings that the term " repairs," as used in the charter, was erroneously interpreted by the majority of the city council. It also is quite probable that such erroneous notion of the scope of the word " repairs " influenced that body in voting for the large appropriation, they supposing that a part of this fund could be used for a purpose which legally it could not. Nevertheless, I do not think the tax ordinance in this particular should be disturbed.

The legitimate expenses for cleaning, regulating and repairing will be quite large if, as stated by a witness, this duty, in regard to the streets, had been neglected for the two previous years. A portion of this tax has already been collected. The legislature has conferred a discretion upon the council as to the amount of money it shall appropriate. There should be

a clear abuse of that discretion, and the extent of that abuse should be well defined. In view of the circumstances surrounding the case, I think it would not be judicious to modify the appropriation.

In regard, however, to those resolutions which undoubtedly provide for the expenditure of public money to pay for paving portions of Passaic street, Bloomfield avenue, River road and Main avenue, under the impression that such paving is reparation, they are clearly invalid.

The specifications for the work calls for broken stone to be put on in three layers to a depth of six inches and width of twenty feet; to be surfaced with three-quarter inch stone and fine screenings, and such binding materials as may be approved. This is graveling or macadamizing, within the meaning of section 92 of the charter, and the entire expense of its execution cannot be imposed upon the public.

That it is the intention to take public money, as the necessary result of these resolutions, is obvious. It is so, because the work can only be done, as a special improvement at the expense of the adjoining land-owner, by ordinance. This is being accomplished by resolution. It is so, because the word "repairs" is studiously used in the resolutions and specifica tions as indicating the understanding of the city council that this work is to be paid out of the general fund to be raised by taxation, in pursuance of the ordinance appropriation of $15,000 for regulating, cleaning and keeping in repair streets.

These resolutions are set aside, with costs.